Case 1:21-cr-00353-JMS-MJD   Document 55   Filed 04/23/24   Page 1 of 4 PageID #: 197

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>PATRICIA MEADOR | )<br>)<br>)<br>) Case No: 1:21-cr-00353-JMS-MJD-01<br>) USM No: 41569-509 |
| Date of Original Judgment: 03/21/2022<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Sam Ansell (prior)<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
   ☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
   *(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 04/23/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00353-JMS-MJD |
| | ) | |
| | ) | |
| PATRICIA MEADOR (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Patricia Meador has filed a Motion to Reduce Sentence based at least in part on USSC Amendment 821.[47].[1] Ms. Meador was convicted of possession with intent to distribute 50 grams or more of methamphetamine.[42, 43] She received the mandatory minimum sentence of 120 months. [Id.] She seeks a sentence modification under USSC Amendment 821 and notes her efforts at rehabilitation.[47] The Government has filed a Response in Opposition in which it asserts that Ms. Meador is ineligible for any reduction because she was sentenced to the statutory mandatory minimum and a reduction in status points will not affect her guideline calculation. [54].

As a general rule a sentence of imprisonment is "final." 18 U.S.C. § 3582(b). Thus, it "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). Ms. Meador's motion is based on 18 U.S.C. § 3582(c)(2). The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the

---

[1] The Court appointed the Indiana Federal Community Defender to represent Ms. Meador. [48]. Counsel was later granted leave to withdraw. [51]. Ms. Meador was afforded an opportunity to supplement her petition following the withdrawal, which she did not.

defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. See Dillon v. United States, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. Id. at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified [*3] at U.S.S.G § 1B1.10. Id. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. Id. at 827. One such factor includes the defendant's post-sentencing conduct. See Pepper v. United States, 562 U.S. 476, 492, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).

As to the step one analysis under Dillon, the Court agrees with the United States that Ms. Meador is ineligible for resentencing. As to the step one analysis under Dillon, the Court agrees with the United States that Ms. Meador is ineligible for resentencing as her original Guidelines range was not lowered by a subsequent act of the Sentencing Commission. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). While indeed this amendment applies to Ms. Meador, and she would now receive 1 status point instead of 2, the result is a total of 11 criminal history points instead of 12. See U.S.S.G. § 4A1.1(e). The reduction results in no change to Ms. Meador's Criminal History Category which

remains V. Because Ms. Meador's guideline range would not change, she is not entitled to a sentence reduction. *See* § 3582(c)(2); § 1B1.10(a)(2)(B).

More important, Ms. Meador's sentence was compelled by the guidelines. She was sentenced to the statutory mandatory minimum of 10 years pursuant to a binding plea. Amendment 821 did not alter the statutory mandatory minimum 120 months and provides Ms. Meador no relief. Accordingly, the Court will not proceed to step two under *Dillon*.

For the foregoing reasons, Ms. Meador's Motion to Reduce Sentence [47] is **DENIED.**

IT IS SO ORDERED.

Date: 4/23/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Colin Clark
UNITED STATES ATTORNEY'S OFFICE
Colin.clark@usdoj.gov

Jayson McGrath
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Jayson.mcgrath@usdoj.gov

Patricia Meador
BOP No. 41569-509
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, West Virginia 26525